The order below is hereby signed.

Signed: October 03, 2008.



*S. Martin Teel, Jr.*
_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SHAWNEQUEE T. LATIMER, | ) | Case No. 07-00652 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER
<u>STRIKING MOTION TO ALLOW UNTIMELY CLAIM</u>

Great Lakes Higher Education Guarantee Corporation has filed a motion to allow its late-filed claim because Great Lakes was not notified of this bankruptcy case until August 12, 2008, well after the April 6, 2008 deadline for the filing of proofs of claims (Docket Entry ("DE") No. 64, filed August 13, 2008). The chapter 13 trustee has filed an objection, and asks that the claim be disallowed as untimely filed (DE No. 67, filed August 28, 2008).

The court will strike the motion to allow because it was not filed by an attorney who is a member in good standing of the bar of the United States District Court for the District of Columbia of which this bankruptcy court is a unit, as required for a corporate entity to appear before this court, nor was the motion

served on parties in interest.  Even if the motion had been properly filed and served, however, the court would nevertheless sustain the chapter 13 trustee's objection to the claim as untimely because, assuming without deciding that Great Lakes did not receive timely notice of this bankruptcy case, as alleged, Great Lakes' claim will pass through this bankruptcy unaffected, and Great Lakes can seek relief from the automatic stay to resume collection efforts during the pendency of the debtor's case.

First, there is no provision in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure for allowing Great Lakes to file a proof of claim out of time in a chapter 13 case, and the court lacks the equitable power to alter the deadline for filing the proof of claim despite the lack of notice.  See In re Nwonwu, 362 B.R. 705 (Bankr. E.D. Va. 2007); In re Jensen, 333 B.R. 906 (Bankr. M.D. Fla. 2005); United States v. Meyer, 2004 WL 2203403 (N.D. Ill. Sept. 27, 2004); In re Barnes, 2004 WL 3135459 (Bankr. D.D.C. Dec. 10, 2004); In re McNeely, 309 B.R. 711 (Bankr. M.D. Pa. 2004); In re Wright, 300 B.R. 453, 458-59 (Bankr. N.D.Ill. 2003); In re Namusyule, 300 B.R. 100 (Bankr. D.D.C. 2003); In re Bennett, 278 B.R. 764, 765-66 (Bankr. M.D. Tenn. 2001); In re Brogden, 274 B.R. 287 (Bankr. M.D. Tenn. 2001).

As previously observed by this court in the case of In re Houston, 2008 WL 104076 (Bankr. D.D.C. Jan. 4, 2008), and in keeping with the decisions cited to above, disallowance of Great

Lakes' claim will have no impact on the claim other than to bar its being paid through plan payments, and thus disallowance of the claim will not deny Great Lakes due process despite its lack of notice of the case because the claim will not be discharged. As explained in Houston, 2008 WL 104976, *1 (Bankr. D.D.C. Jan. 4, 2008):

> First, based on the debtor's failure to insure that [the creditor] received notice of the case, the claim cannot be discharged under 11 U.S.C. § 1328(c) as having been "provided for" by the plan.  Second, although [the creditor's] claim is being disallowed as untimely under 11 U.S.C. § 502(b)(9), and a claim disallowed under § 502 is generally discharged under § 1328(c), [the creditor's] claim is of a kind described in 11 U.S.C. § 523(a)(3) and hence falls within the exception to discharge under § 1328(c)(2).  Because the claim will not be discharged, [the creditor] can seek relief from the automatic stay, to the extent necessary to treat [the creditor] fairly in comparison to other creditors who were given proper notice of the case, so that it may proceed with collection.

For the foregoing reasons, it is

ORDERED that Great Lakes' Motion to Allow (DE No. 64) is STRICKEN, but this Order is without prejudice to the debtor's right to file a motion under Fed. R. Bankr. P. 9006(b) to enlarge the time for the debtor to file a proof of claim under Fed. R. Bankr. P. 3004 setting forth the creditor's claim.

                                          [Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee;

Great Lakes Higher Education Guarantee Corp.
P.O. Box 7858
Madison, WI 53704-7858